his suggestion that relief might perhaps be obtained by *super-sedeas*, the application was made, but denied by the court. The case in 12 *Wheaton*, he thought might be distinguished from that under consideration; there the appeal was dismissed under an erroneous apprehension that the court had not jurisdiction of the cause because it was irregularly before them; but on discovering that the difficulty arose from a mere clerical error, the cause was re-instated. In *Browder* v. *M'Arthur*, (7 Wheaton, 58,) the supreme court of the U. S. had, however, previously decided that they could not re-hear a cause after a *mandate* had been sent to an inferior court.

The Chancellor also concurred in the opinion that there was no irregularity in respect to the costs; he expressed his regret, that under the circumstances of the case the party could not be relieved, but considering this court as having lost all jurisdiction of the cause, he was of opinion that the motion to re-instate it in this court must be denied.

Whereupon the motion was denied.

ALBANY,
April, 1830.

Anon.

---

ANON.

*A cause will not be heard on writs of error, unless the bill of exceptions, if there be one, is entered on the record.*

DURING the fall session this court, on the coming on of a writ of error to be argued, it was observed that *the bill of exceptions* taken at the circuit was *not incorporated in* and made part of the record of the proceedings in the cause, and it was objected by a member of the court that the cause ought not to be heard. It was however resolved by the court that they would hear it if the parties consented, but otherwise it would not be heard. In the winter session leave was granted in another cause to withdraw a record in which the bill of

exceptions was not incorporated, for the purpose of obtain-ing leave from the supreme court to amend the record. The *Revised Statutes, (vol.* 2. 423,) are very explicit on this sub-ject, requiring the bill of exceptions to be entered *in the re-cord* of the proceedings of the cause. The decision of the court is noted to apprise parties, in cases now depending, of the necessity of having their bills of exceptions entered on the records.

END OF CASES IN ERROR.